William B. HOBBINS, Plaintiff,

v.

METHODIST HOSPITAL OF MADISON et al., Defendants.

No. 75–C–547.

United States District Court,
W. D. Wisconsin.

Sept. 14, 1976.

Robert E. Sutton, Milwaukee, Wis., for plaintiff.

David E. Beckwith, Foley & Lardner, Milwaukee, Wis., Pierce T. Purcell, McDonald, Purcell & Piper, Madison, Wis., for defendants.

MEMORANDUM AND DECISION

WARREN, District Judge.

This action is brought by a doctor from Madison whose staff privileges at Methodist Hospital of Madison have been revoked. The action is brought pursuant to 42 U.S.C. § 1983 and requests injunctive relief compelling the admission of the doctor to the staff of the hospital. The defendants are alleged to have violated the doctor's constitutional rights by depriving him of due process of law in the manner in which his staff privileges were revoked.

There are presently pending before the Court two motions. The first is for a preliminary injunction and the second is a motion to dismiss. The Court will first consider the motion to dismiss.

The issue presented to the Court in this motion is one of state action. Does this case involve state action so that this suit may be brought under 1983? The Court reaches the conclusion that the answer is no. The case must be dismissed.

The plaintiff relies primarily on two factors which he believes establish the presence of state action: (1) the receipt of Hill-Burton funds as well as state funds and (2) the statutes and administrative code of Wisconsin regulating hospitals.

■ The clearest delineation of the meaning of "under color of State law" given by the Seventh Circuit was set forth in the case of *Doe v. Bellin Memorial Hospital,* 479 F.2d 756 (1973). The court there stated:

> The facts that defendants have accepted financial support, as alleged, from both the federal and state governments, and that the hospital is subject to detailed regulation by the State do not justify the conclusion that its conduct, which is unaffected by such support or such regulation is governed by § 1983.

The court then quoted *Lucas v. Wisconsin Electric Power Co.,* 466 F.2d 638 (7th Cir. 1972):

> The "under color of" provision encompasses only such private conduct as is supported by state action. That support may take various forms, but it is quite clear that a private person does not act under color of state law unless he derives some "aid, comfort or incentive," either real or apparent, from the state. Absent such affirmative support, the statute is inapplicable to private conduct.

The court in *Doe* also rejected the idea that implementation of a defendant's own regulations would somehow constitute state action; an argument somewhat raised by plaintiff's brief. The mere fact that an activity is regulated does not make the actor in every instance operating under color of state law. The Supreme Court recognized this fact in *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). "The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment . . . Nor does the fact that the regulation is extensive and detailed, as in the case of most public utilities."

One of the cases which the plaintiff relies on establishes the nature which the regulations must have in order to convert what would otherwise be private action into state action: *Simkins v. Moses H. Cone Memorial Hospital,* 323 F.2d 959 (4th Cir. 1963). The Court in *Simkins* found state action. By promulgating a regulatory scheme that encouraged the exclusion of blacks from the hospital, the State of North Carolina was intimately involved in the very conduct of which the plaintiff complained. The statutory scheme in *Simkins* itself was exclusionary and the implementation of it by an otherwise private hospital became state action.

■ The conclusion to be drawn from these cases is that in order for the regulating scheme, adopted by the state and implemented by the defendant, to convert the private action into state action that scheme must somehow encourage, aid, or assist the private entity to violate the rights of the plaintiff.

■ The plaintiff argues that *Simkins* is controlling on this case because the state administrative code does cover to some extent the granting and revocation of staff privileges at hospitals. At page 3 of his brief he states:

> Contrary to the assertion of the defendants, *Simkins v. Cone, supra,* is applicable to the case at bar due to the intimate involvement of the state regulatory scheme with the action complained of. Although, admittedly the case at bar does not involve racial discrimination, it does involve the violation of a plaintiff's civil rights ostensibly pursuant to state regu-

lations. Obviously, to violate the plaintiff's civil rights it was necessary for the defendants to violate those regulations rather than to follow them as in *Simkins* ; nonetheless "state action" is involved per the existence of the state regulations. The plaintiff misses the essential element in *Simkins,* the regulations must encourage the violation. He argues that the regulations themselves were violated. It is hard to see how the private hospital could be acting under color of state law when they are violating the very law which the plaintiff relies on.

The Seventh Circuit in *Cohen v. Illinois Institute of Technology,* 524 F.2d 818 (1975) confirms this analysis.

> It is settled, however, that the mere existence of detailed regulation of a private entity does not make every act, or even every regulated act, of the private firm, the action of the State. Unless it is alleged that the regulatory agency has encouraged the practice in question, or at least given its affirmative approval to the practice, the fact that a business or an institution is subject to regulation is not of decisive importance. *Id.* at 826.

The administrative code as it pertains to the medical staff of hospitals cannot be read as encouraging, aiding, or comforting the private activity charged in the complaint. The code merely requires that procedures be set up for admitting qualified doctors to the staff and for review of their credentials as well as disciplinary procedures. The procedures and methods for establishing those minimal requirements are left to the discretion of the private hospitals.

> Wis.Stat. § 140.27 states:
>
> (2) Any person granted a license to practice medicine and surgery under s. 448.06 shall be afforded an equal opportunity to obtain hospital staff privileges. . . . Each individual hospital shall retain the right to determine whether the applicant's training, experience, and demonstrated competence is sufficient to justify the granting of medical staff privileges.

This statute runs contra to the plaintiff's theory of state action and can hardly be said to encourage proceedings that are "fundamentally unfair and fraught with conflicts of interest."

The complaint should be dismissed for lack of jurisdiction since there is no showing of state action. This decision renders the plaintiff's motion for a preliminary injunction moot.

For the reasons set forth above, the defendants' motion to dismiss for lack of jurisdiction is GRANTED.